# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**HORACE K. MCINTYRE,**

      **Plaintiff,**

**v.**                                   **Case No. 05-C-1267**

**JO ANNE B. BARNHART,**

      **Defendant.**

# DECISION AND ORDER

This matter comes before the Court on Horace McIntyre's ("McIntyre") appeal of an order denying her applications for Disability Insurance Benefits ("DIB") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 402(e) & 1381. McIntyre filed for applications for DBI and SSI in October 1999, alleging disability due to his back, leg, and hand pains. An Administrative Law Judge ("ALJ") issued a decision finding that McIntyre was not disabled. However, the federal district court remanded the matter back to the Social Security Commissioner. *See McIntyre v. Barnhart*, No. 01-C-1207 (E.D. Wis. Jan. 27, 2003) (Adelman, J.). On remand, ALJ Robert Bartelt conducted a supplementary hearing at which McIntyre appeared with counsel. The ALJ found that McIntyre was not disabled because he could perform his past relevant work as well as a significant number of other jobs despite his impairments. His appeal is now pending before this Court.

**BACKGROUND**

McIntyre was born on January 2, 1959, and was 46 years old at the time of the ALJ's decision. (Tr. 612.) In the past fifteen years, McIntyre worked as a factory worker, a housekeeper, a short order cook, and a machine operator. (Tr. 614-16.) Prior to that, in the late 1970s, McIntyre was in the Army, in which he sustained a back injury. (Tr. 616.) He claims that his back injury did not prevent him from working, until his condition worsened beginning in 1999. (Tr. 616.) He complains that his low back pain often travels down his legs, which even at times causes his feet to swell, and also causes cramps in his hands. (Tr. 616-17.) He claims that his condition has reached the point where he is unable to hold a job, and thus he needs disability benefits.

The medical evidence indicates that despite his back pain, McIntyre has consistently exhibited full or nearly full range of spinal motion with no neurologic deficits, no paravertebral muscle spasm, and he has a normal gait. (Tr. 133-34; 150; 164-65; 197-205; 303; 314-31; 363-85; 410-12; 477-83; 596-504; 511-15; 550-63.) In June 2000, Dr. Ward Jankus, M.D., performed a consultative examination of McIntyre, and he found little evidence of either an underlying medical etiology for his back pain or a significant functional deficit. (Tr. 163-66.) Lumbar x-rays have been consistently negative, and CT myelogram studies revealed no definite nerve root compromise and only "early" degenerative disc disease. (Tr. 166; 208-10; 318; 538-41.) CT scans showed a broad-based diffuse disc bulge with some foraminal narrowing, but no surgery was ever recommended or done. (Tr. 525-

2

29.) Treatment has largely been conservative consisting primarily of physical therapy, some injections, and pain medication. McIntyre also complained of some hand cramping at times, but he has had no medical treatment of it other than doctors telling him to take Tylenol. (Tr. 621-22.)

**DISCUSSION**

Liberally construed, McIntyre's *pro se* complaint and accompanying briefs allege that the ALJ's decision to deny him benefits was not based on substantial evidence.[1] Section 205(g) of the Social Security Act limits the scope of judicial review of the Commissioner's final determination, and provides that the findings of the Commissioner as to any fact shall be conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Powers v. Apfel*, 207 F.3d 431, 434 (7th Cir. 2000).

In the instant action, the ALJ followed the familiar five-step process for evaluating disability claims, and found that McIntyre was not disabled because he could work a number of light-level jobs in the national economy. Specifically, the ALJ found that McIntyre's complaints have been more severe than what is demonstrated by the objective medical evidence. (Tr. 622.) There is no evidence of any doctor describing specific functional

---

[1] McIntyre argues in his reply brief that this Court should also reverse and remand this matter back to the Social Security Commissioner because a vocational expert was not present at the hearing. However, McIntyre cannot raise new arguments in his reply brief. *See* Civil Local Rule 7.1(f).

3

limitations that would preclude McIntyre from performing light-level work. Furthermore, he has benefitted from the conservative treatments that have been administered. The ALJ, when reaching its decision, properly considered the relevant factors, including the objective medical evidence, medical source opinions, McIntyre's treatment, and his daily activities. 20 C.F..R. §§ 404.1529(c)(3) & 416.929(c)(3). The ALJ also noted that despite McIntyre having back problems for 26 years, he still performed various jobs. (Tr. 243.); *see Diaz v. Chater*, 55 F.3d 300, 308 n.4 (7th Cir. 1995) ("Although [plaintiff's] employment was not continuous between 1984 and 1988, the ALJ could conclude that [the plaintiff] had exhibited sufficient residual functional capacity given the various positions he held during this period, because there is no evidence suggesting that [the plaintiff] stopped working at each job due to an inability to perform the job requirements.") The ALJ's weighing of the various factors to determine McIntyre's residual functional capacity was not unreasonable, and, therefore, will be upheld on appeal.

McIntyre also objects to the amount of time that elapsed between his hearing and the ALJ's decision, which precluded him from submitting additional medical evidence. However, McIntyre was represented by counsel, and she never attempted to submit additional medical evidence to the ALJ following the hearing. Also, McIntyre did not attach to his brief any additional medical records that he believes should have been made a part of the administrative record.

4

In addition, McIntyre suggests that mental impairments have prevented him from working. However, McIntyre does not state the nature of his "mental impairment," and there is no evidence of any health professional describing any specific functional limitation resulting from any mental impairment.

Given that the ALJ's decision is supported by substantial evidence, the Court must affirm that decision.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

The ALJ's Decision is **AFFIRMED**.

The clerk is directed to enter judgment and close this case accordingly.

Dated at Milwaukee, Wisconsin this 29th day of January, 2007.

                              **BY THE COURT**

                              s/ Rudolph T. Randa
                              **Hon. Rudolph T. Randa**
                              **Chief Judge**